## COOL *vs.* GARDINER.

Where, upon the sale of two contiguous parcels of land, at different rates per acre, the agent of the grantor stipulated in writing that if either of the parcels, on being surveyed, should be found deficient in quantity, the purchaser should have compensation for the deficiency, at the rate at which it was purchased; and one parcel was found to contain less, and the other more than the estimated quantity, but the aggregate value remained about the same;—it was *held* that the purchaser was still entitled to compensation for the part deficient; and that the seller could not claim any allowance for the excess in the other tract, by way of set-off, not having provided for this contingency, in his contract.

THIS was an action of *assumpsit*, upon the common money counts, and was tried before *Weston J.* upon the general issue.

It appeared that the plaintiff, in 1814, purchased of the defendant's father two contiguous parcels of land in *Waterville*, being a front or river-tract, estimated at sixty-three acres, at three dollars the acre, and a rear-tract estimated at sixty-five acres, at five dollars the acre; for which he gave security and a mortgage to the defendant. But he declined accepting the deed, and securing the purchase-money, till the defendant gave him a written stipulation that if *either*

*of* the parcels, on being surveyed, should be found not to contain the estimated quantity, then an indorsement should be made on the plaintiff's note for the value of the deficiency, at the rate at which it was purchased.

It was afterwards ascertained, upon actual survey, that one of the lots was deficient in quantity, by about three acres and a half; and that in the other there was an excess of somewhat more in quantity, but of about the same value.

Hereupon the jury were instructed that the defendant was answerable for the deficiency ; and that he could claim no allowance for the excess in the other lot, by way of set-off, that event not having been provided for in the stipulation. And they found a verdict for the plaintiff, which was taken, subject to the opinion of the court upon the construction of the contract.

*Boutelle* and *Allen,* for the defendant, argued that by a fair interpretation of the contract it was to be intended that the plaintiff was, on the whole, to suffer no loss by deficiency in the quantity of land purchased ; and that if there was land enough, in both parcels, to amount to the sum the plaintiff had agreed to pay, the object of the parties was answered. The words " either of," on this principle, meant the same as " both" ; and may well be so construed, to effect the original and just intent of the parties. *Crocker v. Whitney,* 10 *Mass.* 316 ; *Swift v. Clark,* 15 *Mass.* 173 ; 2 *Comyn Contr.* 532 ; *Parkhurst v. Smith, Willes,* 332 ; *Bristol v. Marblehead,* 1 *Greenl.* 82 ; 1 *Wils.* 140 ; 2 *Str.* 1175 ; 6 *Johns.* 54 ; *Fairfield v. Morgan,* 2 *New Rep.* 38 ; 3 *D. & E.* 407 ; *Johnson v. Read,* 9 *Mass.* 78 ; *Sumner v. Williams,* 8 *Mass.* 214 ; *Belmont v. Pittston,* 3 *Greenl.* 453 ; *Waterhouse v. Dorr,* 4 *Greenl.* 333.

*Codman,* on the other side, was stopped by the court ; whose opinion was afterwards delivered by

WESTON J. It appears that the vendor estimated the contents of each piece of land he sold, at a certain number of acres. He must be presumed to be acquainted with the state and condition of his lands, and it was for him to determine at what price, and by what

estimation as to quantity, he was willing to part with them. If he was under any uncertainty as to the number of acres, and wished to secure to himself an additional sum, if he had underrated them, he might have stipulated for it, by taking an obligation from the plaintiff to that effect; or he might have qualified his contract with the plaintiff, by agreeing to make up to him any deficiency, which might be ascertained in either piece, only upon condition that the plaintiff should pay for any excess, which might be found in the other. But the defendant, to whom the consideration was secured, was satisfied with the quantities stated in the deed, and did not think proper to require the payment of any additional sum in any event. The plaintiff, however, was apprehensive that there was an excess in the estimate ; and as the price he paid was fixed according to the number of acres assumed, he was unwilling to complete the purchase, without further assurance upon this point. The contract of the defendant now in controversy determined him to receive the deed, and give the securities required. There being a deficiency in one of the pieces conveyed, he now reclaims a part of the consideration, according to the express terms of the contract. That contract is too plain to be modified by construction, by implying conditions, which might seem to give it a more equitable character. Parties make their own contracts, according to their own sense of their rights and interests ; and where this is fairly done without fraud or imposition, the law enforces the performance, or gives damages for the nonperformance, according to the plain and general acceptation of the language used. If it is in any respect apparently inconsistent, repugnant, doubtful, or equivocal, sound rules of construction are then resorted to, to ascertain, if possible, what the parties intended. But if the terms are clear and intelligible, they are presumed to intend what these terms express. To determine otherwise would be making contracts for parties, rather than interpreting them. If the defendant intended to make a contract, such as is suggested by his counsel, it was easy for him to have expressed such intention. It is he alone who speaks, and we must understand him to mean what his language imports.        *Judgment on the verdict.*